# THE PLAZA HOTEL COMPANY, Respondent, v. DINES, Appellant.

St. Louis Court of Appeals, Submitted October 8, 1907, Opinion Filed March 9, 1909.

ACCOUNTING: Weight of Evidence: Findings of Trial Court. On appeal of an action for an accounting where there were no legal questions involved and the determination of the cause depended upon a finding of facts, and where the evidence introduced at the trial was conflicting and an examination of it did not show that the conclusions of the trial court were wrong or against the weight of evidence, or without evidence to support them, or for the wrong party, the judgment will be affirmed.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Joseph Block* for appellant.

*Geo. H. Shields, S. J. Walton* and *Felix Poston* for respondent.

REYNOLDS, P. J.—This was a suit for an accounting, brought by the Plaza Hotel Company, a corporation, against the appellant and another. The principal matter involved in the suit was an accounting between the plaintiff and the defendant, who is appellant here, the other defendant, a lady, not being concerned in that. At the institution of the suit a temporary injunction was issued restraining the appellant from interfering with the business of the respondent. The injunction was dissolved at the final hearing, as having been improvidently issued, and the case was dismissed as to the codefendant of appellant. A decree was entered awarding judgment in favor of plaintiff against the defendant Dines for the sum of $247.50, together with costs. After filing a motion for new trial, which was overruled, exception being duly saved, Dines appealed

to this court. The cause was submitted on abstract and brief by plaintiff's counsel and, no briefs having been filed by respondent, it was taken as submitted by it.

The assignments of error upon which the counsel for appellant relies are, first, that the court erred in finding that at the time of the granting of the temporary injunction, the respondent was in possession of the Plaza Hotel and was entitled to such possession; second, that the court erred in finding that the appellant should be charged with $3,600, as the net proceeds from the sale of the University Hotel & Catering Company stock; and third, that the finding of the court, that respondent was chargeable with only $439, on account of the $1,280 negotiable notes was contrary to the evidence.

In a case of this kind, all the evidence being before us, it is our right to determine the cause on that evidence, irrespective of the finding of the trial judge. But examining the evidence, and it is quite voluminous as preserved in the abstract, covering something like 170 pages of printed matter, we see no reason why we should not follow the conclusion reached by the learned and careful trial judge. While it is true, that some of the testimony, as set out by the very industrious counsel for the appellant, tends *to sustain his contention of lack of direct contradiction, yet the construction to be put upon that testimony is so dependent on the other testimony in the case, as well as on the impression the witnesses made upon the mind of the trial judge, that we do not feel warranted in disturbing his finding of fact and the conclusions which he arrived at on those facts. There is not such a preponderance of evidence against the finding as to warrant us in setting it aside. No legal propositions are involved, no declarations of law were asked or given, merely a finding of the facts on the evidence; no authorities or legal propositions are advanced by the counsel for the appellant, and as

we have noted, respondent has filed no brief or argument, so that no useful purpose would be subserved by reciting evidence only pertinent to this particular case. As remarked, the case turns on reconciling conflicting testimony over debits and credits, a contest always arising in a suit for an accounting. We cannot say that the conclusions of the trial court are wrong on the evidence, or against the weight of the evidence, or without evidence to support them, or for the wrong party. Consequently, we affirm the decree. All concur.